Unzain v NW 100 Broadway Prop. Owner, LLC

2026 NY Slip Op 02229

April 14, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Victor Unzain, Plaintiff-Respondent,

v

NW 100 Broadway Property Owner, LLC, et al., Defendants-Appellants. Everest Scaffolding, Inc., et al., Defendants.

Decided and Entered: April 14, 2026

Index No. 450164/20|Appeal No. 6355|Case No. 2025-02541|

Before: Webber, J.P., Gesmer, Mendez, Pitt-Burke, Hagler, JJ.

McCormick & Priore, P.C., Rye Brook (Steven R. Gustavson of counsel), for appellants.

Kenneth J. Ready & Associates, Mineola (Gregory S. Gennarelli of counsel), for respondent.

[*1]

Order, Supreme Court, New York County (Arlene P. Bluth, J.), entered March 20, 2025, which granted plaintiff's motion for summary judgment on liability as to the Labor Law §§ 240(1) and 241(6) claims against defendants NW 100 Broadway Property Owner, LLC and LSL Construction Services, Inc., unanimously affirmed, without costs.

Plaintiff made a prima facie showing of entitlement to summary judgment on the Labor Law § 240(1) claim by submitting deposition testimony that the ladder he was using wobbled, causing him to fall (see Rosario v Franklin Plaza Apts., Inc., 245 AD3d 490, 491 [1st Dept 2026]). Plaintiff's unrebutted testimony was that he fell from a "loose" ladder as he was putting sheetrock above a window in an area where there was no other safety device, that the ladder made a noise and wobbled, causing him to lose his balance, and causing both plaintiff and the ladder to fall. In opposition, defendants failed to raise an issue of fact.

In light of the above determination on the Labor Law § 240(1) claim, review of the court's grant of summary judgment on plaintiff's Labor Law § 241(6) claim is academic (see Suazo v 501 Madison-Sutton LLC, 235 AD3d 513 [1st Dept 2025]).

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: April 14, 2026